# EXHIBIT A

# Class Action Complaint

# EXHIBIT A

Electronically Filed
5/25/2021 12:49 PM
Steven D. Grierson
CLERK OF THE COURT

1

**COMJD**
Christian Gabroy, Nev. Bar No. 8805
christian@gabroy.com
2
Kaine Messer, Nev. Bar No. 14240
kmesser@gabroy.com
3
Dominique Bosa-Edwards, Nev. Bar No. 15705
dbe@gabroy.com
4
GABROY LAW OFFICES
170 S. Green Valley Pkwy, Suite 280
5
Henderson, Nevada 89012
Tel. (702) 259-7777
6
Fax. (702) 259-7704
*Attorneys for Plaintiff*
7

CASE NO: A-21-835257-C
Department 13

8                    **EIGHTH JUDICIAL DISTRICT COURT**

9                         **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 10 JOSE ISMAEL ZUNIGA, on behalf of himself and all others similarly situated, | Case No.: Dept. No.: |
| 11 | |
| 12        Plaintiff, | **CLASS ACTION COMPLAINT** |
| 13     vs. | **Arbitration Exemption Claimed: Class Action** |
| 14 UNFORGETTABLE COATINGS INC.; UNFORGETTABLE COATINGS OF | 1) Violation of NRS 608 *et seq.*; |
| 15 IDAHO LLC; DOES 1 through 50; inclusive, | 2) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.020-050 and 608.140; |
| 16        Defendant(s). | |
| 17 | 3) Violation of Fair Labor Standards Act; and, |
| 18 | |
| 19 | 4) Injunctive Relief. |
| 20 | **LIEN REQUESTED PURSUANT TO NRS 608.050** |
| 21 | |
| 22 | **JURY TRIAL DEMANDED** |

23

24        COMES NOW Plaintiff Jose Ismael Zuniga, on behalf of himself and all others

25 similarly situated and alleges the following:

26        All allegations in the Complaint are based upon information and belief except for

27 those allegations that pertain to the Plaintiff named herein and his counsel. Each

28

*(Left margin, vertical text)* GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statute ("NRS") sections 608.050 and 608.140. *See Neville v. Eighth Judicial Dist. Court in & for County of Clark*, 406 P.3d 499, 502 (Nev. 2017); *HG Staffing, LLC, et al. v. Second Judicial District Court*, Nevada Supreme Court Case No. 79118 (May 7, 2020) ("In *Neville v. Eight Judicial District Court*, 133 Nev. 77, 406 P.3d 499 (2017), we held, by necessary implication, the exhaustion of administrative remedies is not required before filing an unpaid-wage claim in district court.")

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

3.      Plaintiff hereby files a notice of his consent to joinder. Such true and correct copy of his consent to joinder is hereby attached as Exhibit I.

4.      Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

5.      Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on May 18, 2021.

6.      Venue is proper in this Court because the Defendants named herein maintain a principal place of business or otherwise are found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

7.      Plaintiff demands a jury trial on all issues triable by jury herein.

### PARTIES

8.      Plaintiff Jose Ismael Zuniga hereinafter ("Plaintiff" or "Zuniga") was at all relevant times a resident of the State of Nevada and was employed by Defendants as a

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

non-exempt hourly employee from November of 2017 to March of 2021.

9. Defendant Unforgettable Coatings Inc. is a domestic corporation registered with the Nevada Secretary of State.

10. Defendant Unforgettable Coatings Inc. doing business in this Judicial District in Clark County, Nevada where the subject incidences occurred.

11. Defendant Unforgettable Coatings of Idaho LLC is a domestic limited-liability company registered with the Nevada Secretary of State.

12. Defendant Unforgettable Coatings of Idaho LLC was doing business in this Judicial District in Clark County, Nevada where the subject incidences occurred.

13. Plaintiff is informed and believes, and thereon alleges that at all times relevant, the named corporate Defendants did business in the State of Nevada, Clark County, were licensed to do business in this jurisdiction, and are an "enterprise" as that term is defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

14. More specifically, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that Defendants have engaged in annual gross volume of sales made or business done in excess of the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes. §201 *et seq.*

15. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, alter-egos, successor companies, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

16. At all times relevant, Defendants were Plaintiff's employer as such term is defined in the FLSA 29 U.S.C. §203 *et seq.*, and NRS Chapter 608 *et seq.* in that it had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

17.     At all times relevant, Plaintiff was an employee of Defendants as that term is defined 29 U.S.C. §203 *et seq.*

18.     At all times relevant, Defendants were Plaintiff's employer as such term is defined in the FLSA 29 U.S.C. §203 *et seq.* and NRS Chapter 608 *et seq.* in that it had custody or control over the Plaintiff, his employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by it at the time Plaintiff's wages were lawfully due.

19.     At all times relevant, Plaintiff was an employee of Defendants as that term is defined 29 U.S.C. § 203 *et seq.* and NRS § 608.010, and were not exempt from any minimum wages and overtime provisions of such statutes.

20.     At all relevant times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, joint venture, partnership, employment, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

21.     At all relevant times, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. At all relevant times herein, Defendants approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all relevant times herein, Defendants aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

22.     The Defendants named herein are the employers of the Plaintiff and all Class Members alleged herein. The Defendants are employers engaged in commerce under the provisions of NRS 608.011. The identity of DOES 1-50 is unknown at the time

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777   FAX: (702) 259-7704

and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

## **FACTUAL ALLEGATIONS**

23.     Zuniga was hired by Defendants on or about November 5, 2017 as a non-exempt full-time assistant painter.

24.     Approximately two years later, Zuniga was promoted to a full-time sprayer/painter.

25.     Ultimately, Zuniga received another promotion for which his title remained the same but his hourly wage significantly increased.

26.     Upon information and belief, at all times relevant, Defendants employed at least fifty other painters.

27.     At all times relevant, Zuniga did not supervise nor manage any other employees.

28.     Zuniga routinely clocked in at the beginning of his shift and clocked out at the end of his shift, on a tablet provided by Defendants.

29.     Zuniga has frequently worked over 8 hours in any 24-hour workday.

30.     Zuniga has frequently worked over 40 hours in any workweek.

31.     Defendants paid Zuniga on a bi-weekly basis.

32.     Defendants routinely instructed and required Zuniga to work in excess of forty hours per week.

33.     Defendants routinely instructed and required Zuniga to work in excess of eight hours per workday.

34.     Defendants gave Zuniga one thirty-minute lunch break, for which he was instructed to clock in and out.

35.     Defendants sometimes instructed and required Zuniga to perform work

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

during his lunch break.

36.     Upon information and belief, Defendants altered the amount of hours Zuniga worked.

37.     Upon information and belief, if Zuniga worked over eighty hours in a two-week time period, Defendants changed his hours worked to eighty hours or below.

38.     Upon information and belief, Defendants added a "bonus" to Zuniga's wages to account for straight time and/or overtime wages owed.

39.     Defendants routinely instructed and required Zuniga to travel from and to work sites, depending on the job.

40.     Defendants did not issue Zuniga a work vehicle.

41.     Defendants did not pay Zuniga gas money for travel to or in between work sites.

42.     Defendants instructed and required Zuniga to use some of his own tools for jobs while employed by Defendants.

43.     Defendants paid Zuniga an hourly rate plus a bonus for his hours worked.

44.     Accordingly, Defendants did not pay Zuniga his correct straight time wages.

45.     Defendants also did not pay Zuniga his correct overtime wages when he worked overtime hours.

46.     Plaintiff routinely worked in excess of forty hours per week on a weekly basis, but Defendants did not provide Zuniga proper overtime compensation for such work.

47.     For example, Defendants failed to pay Zuniga correct overtime wages for work during the period of October 24, 2020 to November 6, 2020 during which Plaintiff worked in excess of forty hours per week. *See* a true and correct copy of Plaintiff's earning statement attached hereto as Exhibit II.

48.     Specifically, Defendants failed to include Zuniga's total amount of straight time earnings under his regular rate.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

49.     Defendants also failed to include Zuniga's total amount of overtime earned for purposes of determining his overtime pay. *See id.*

50.     Pursuant to 29 U.S.C. § 207, Zuniga and those similarly situated were entitled to be compensated at a rate of one and one-half times a regular hourly rate of pay for all time worked in excess of forty hours in individual workweeks.

51.     Upon information and belief, Defendants maintain a company-wide policy and practice of refusing to pay proper overtime wages to Nevada employees who worked over 40 hours in a workweek and/or 8 hours a workday.

52.     This policy has always been common to all non-exempt hourly paid employees of Defendants in the state of Nevada.

### **CLASS/COLLECTIVE ACTION ALLEGATIONS**

53.     Zuniga realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

54.     Zuniga brings this action on behalf of himself and all other similarly situated employees as a class action under Rule 23 of the Nevada Rules of Civil Procedure.

55.     The **Nevada Overtime Class** is defined as "All non-exempt persons employed by Defendants in the state of Nevada who worked over forty (40) hours in a workweek at any time within 3 years from May 18, 2021 until judgment."

56.     The **Waiting Time Wages Class** is defined as "All Nevada Overtime Class Members who are former employees of Defendants."

57.     Class treatment is appropriate under Rule 23's class certification mechanism because:

a.      The Classes are Sufficiently Numerous: Upon information and belief, Defendants employ, and have employed, in excess of 40 Nevada Overtime Class Members within the applicable time period. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Classes as well as their numerosity.

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

b.    <u>Plaintiff's Claim is Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff: whether Defendants compensated Plaintiff and members of the Class overtime wages when they worked over 40 hours in a workweek and/or 8 hours a workday and whether members of the Waiting Time Wages Class are entitled to waiting time wages for the failure to pay them minimum, regular, and overtime wages owed.

c.    <u>Common Questions of Law and Fact Exist</u>:  Common questions of law and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: whether Defendants failed to pay Plaintiff and the Class Members one and one-half times their regular rate for all hours worked in excess of 40 hours a workweek and/or 8 hours a workday and whether Defendants failed to pay the Waiting Time Wages Class Members all their wages due and owing in violation of NRS 608.020-050.

d.    <u>Plaintiff is Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Classes because Plaintiff is a member of the Classes, he has issues of law and fact in common with all members of the Classes, and his interests are not antagonistic to Class members. Plaintiff and his counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

e.    <u>Predominance/Superior Mechanism</u>: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy.  Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law.  The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

### FIRST CAUSE OF ACTION
**Violation of NRS 608 *et seq.***
**(On Behalf of Plaintiff and the Nevada Overtime Class)**

58.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

59.    NRS 608.140 provides that an employee has a private right of action for unpaid wages.

60.    NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

61.    NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

62.    As described above, Defendants maintain a policy and/or practice of refusing to pay overtime when Plaintiff and members of the Nevada Overtime Class worked over 40 hours in a workweek and/or 8 hours a workday.

63.    As a result, and as described herein, Defendants failed to compensate all employees for all hours worked, minimum wage and/or overtime wages.

64.    Wherefore, Plaintiff demands for himself and all Nevada Overtime Class Members that Defendants pay Plaintiff and Nevada Overtime Class Members one and one-half times their "regular rate" of pay for all hours worked in excess of forty (40) hours in a workweek during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

## SECOND CAUSE OF ACTION
### Waiting Time Wages Pursuant to NRS 608.020-.050 and 608.140
### (On Behalf of Plaintiff and the Waiting Time Wages Class)

65.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

66.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

67.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

68.     NRS 608.030 provides that "[w]henever an employee resigns or quits his or her employment, the wages and compensation earned and unpaid at the time of the employee's resignation or quitting must be paid no later than…[t]he day on which the employee would have regularly been paid the wages or compensation; or[s]even days after the employee resigns or quits…whichever is earlier."

69.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

70.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

71.     By failing to pay Waiting Time Wages Class Members their minimum, regular, and overtime wages in violation of state and federal law, Defendants have failed to timely remit all wages due and owing to the Waiting Time Wages Class Members.

72.     Despite demand, Defendants willfully refused and continues to refuse to pay Waiting Time Wages Class Members all the wages that were due and owing upon the termination of their employment.

73.     Wherefore, the Waiting Time Wages Class Members demand thirty (30) days of pay as waiting wages under NRS 608.040 and 608.140, and thirty (30) days of pay as waiting wages under NRS 608.050 and 608.140, together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

## THIRD CAUSE OF ACTION
### Violation of FLSA – Wages / Unlawful Actions 29 U.S.C. §201 *et seq.*
### (On Behalf of Plaintiff and the Nevada Overtime Class)

74.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

75.     Pursuant to Section 16(b) of the FLSA, the individual plaintiff brings this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of himself and all persons similarly situated, to wit a putative class of painters employed by Defendants in the State of Nevada within three (3) years of the filing of this Complaint until judgment.

76.     This count arises from Defendants' violation of the FLSA, 29 U.S.C. §201 *et seq.* for its failure to pay Plaintiff and the Nevada Overtime Class's overtime compensation for each hour worked in excess of forty hours in an individual work week.

77.     At all material times hereto, Plaintiff was employed by Defendants as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff and the Nevada Overtime Class members performed a variety of job duties, labor, services, and responsibilities for Defendants within this judicial district that are subject to the aforesaid provisions of the FLSA.

78.     Plaintiff and the Nevada Overtime Class members performed a variety of job duties and responsibilities such as that of a painter for Defendants within this judicial district.

79.     Plaintiff and the Nevada Overtime Class members has been an employee of the Defendants during the time period pertinent to this Complaint, and during a portion of the three months immediately preceding the initiation of this action.

80.     At all material times hereto, Defendants were Plaintiff and the Nevada Overtime Class members' "employer" per the FLSA, 29 U.S.C. §203(d). Plaintiff brings this first claim for relief pursuant to 29 U.S.C. 216(b) and has consented in writing to join this action. *See* Exhibit I.

81.     At all times relevant and during the course of their employment for Defendant, Plaintiff and the Nevada Overtime Class members were employed by Defendants and were not exempt from the overtime provisions of the FLSA 29 U.S.C. §207, *et seq*.

82.     Pursuant to 29 U.S.C. §207, Plaintiff and the Nevada Overtime Class members were entitled to be compensated at a rate of one and one-half times a base hourly pay rate for each hour worked in excess of forty hours per week.

83.     Plaintiff and the Nevada Overtime Class members were directed by Defendants to work, and did such work in excess of forty hours per week.

84.     Defendants did not compensate Plaintiff and the Nevada Overtime Class members at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

85.     For example, Plaintiff worked in excess of 40 (forty) hours per week. In violation of the law, Plaintiff worked in excess of 40 hours per week but was not paid proper overtime compensation. *See* Exhibit II.

86.     Defendants' failure and refusal to pay lawful wages to Plaintiff and the Nevada Overtime Class members for overtime wages owed violated the FLSA, 29 U.S.C. §207, *et seq*.

87.     Defendants willfully violated the FLSA by refusing to pay Plaintiff and the Nevada Overtime Class members all lawful wages, including overtime compensation.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

All of the alleged various violations of the law herein were committed intentionally and/or willfully by the Defendants herein.

88.    Per the FLSA, Plaintiff and the Nevada Overtime Class members seek all available damages including but not limited to attorneys' fees, liquidated damages, and all lawful wages.

89.    Plaintiff and the Nevada Overtime Class members seek a judgment for unpaid overtime compensation, and additional liquidated damages of one hundred percent of any unpaid overtime compensation, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff and the Nevada Overtime Class members.

90.    Plaintiff and the Nevada Overtime Class members also seek an award of attorney's fees, interest and costs as provided for by the FLSA.

**FOURTH CAUSE OF ACTION**
**Injunctive/Declaratory Relief**
**(On Behalf of Plaintiff and the Nevada Overtime Class)**

91.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

92.    As Defendants have failed to compensate Plaintiff and members of the Nevada Overtime Class at the correct overtime wage rate for all the overtime hours that they worked, Defendants have wrongfully withheld wages properly-owed to the Plaintiff and the class members.

93.    Plaintiff and the Nevada Overtime Class will suffer irreparable injury if Defendants are not enjoined from the future wrongful retention of wages owed.

94.    As a result of the aforementioned unlawful payment practices, Plaintiff submits that there has been a likelihood of success on the merits that Plaintiff and the class members have been damaged, that there is irreparable harm, and Plaintiff requests that this Honorable Court enter an Order that restrains Defendants from attempting to enforce the alleged unlawful payment practices.

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

95.     Plaintiff requests that this Honorable Court enter a declaration of rights/obligations in regards to all such unlawful payment practices in this matter.

96.     Further, disputes and controversies have arisen between the parties relative to the lawfulness of the payment practices, and Plaintiff is entitled to have an order entered pursuant to Chapter 30 of the Nevada Revised Statutes construing the payment practices and adjudging and declaring Plaintiff and the class members' rights and remedies thereunder including such an Order stating that such payment practices are unlawful.

97.     Plaintiff has been required to retain the services of an attorney and is entitled to a reasonable award of attorneys' fees and costs.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff, by himself and on behalf of all Class Members, prays for relief as follows relating to his class action allegations:

1.     For an order certifying this action as a class action on behalf the proposed Classes and providing notice to all Class Members so they may participate in this lawsuit;

2.     For an order appointing Plaintiff as the Representative of the Classes and his counsel as Class Counsel;

3.     For damages according to proof for overtime compensation under NRS 608.018 and 608.140 for all hours worked over 8 hours per workday;

4.     For waiting time wages pursuant to NRS 608.040-.050 and 608.140;

5.     For a lien on the property where Plaintiff and all Nevada Class Members labored pursuant to NRS 608.050;

6.     For interest as provided by law at the maximum legal rate;

7.     For injunctive relief;

8.     For declaratory relief;

9.     For punitive damages;

10.    For liquidated damages;

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777  FAX: (702) 259-7704

11.   For reasonable attorneys' fees authorized by statute;

12.   For costs of suit incurred herein;

13.   For pre-judgment and post-judgment interest, as provided by law; and,

14.   For such other and further relief as the Court may deem just and proper.

DATED: May 25, 2021

Respectfully Submitted,

GABROY LAW OFFICES

By: _KDBolords_

Christian Gabroy, Nev. Bar No. 8805
christian@gabroy.com
Kaine Messer, Nev. Bar No. 14240
Dominique Bosa-Edwards, Nev. Bar No. 15705
dbe@gabroy.com
kmesser@gabroy.com
GABROY LAW OFFICES
170 S. Green Valley Pkwy, Suite 280
Henderson, NV 89012
*Attorneys for Plaintiff*

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

# EXHIBIT I

CONSENT TO JOINDER

BY SIGNING BELOW, SUCH INDIVIDUAL CONSENTS TO JOIN THIS CASE
AS A PLAINTIFF PURSUANT TO 29 U.S.C. § 216(b).

_____

Signature

Ismael Zuniga
_____

Printed Name

05 / 17 / 2021
_____

Date

Doc ID: 2bd94eefbd65e580dc42e25214533a0e7604fd2f

# EXHIBIT II

| CO   | FILE   | DEPT. | CLOCK | VCHR NO   | 07D |
|------|--------|-------|-------|-----------|-----|
| UGV  | 092326 |       |       | 0000460075 | 1  |

## Earnings Statement

**ADP**

*UNFORGETTABLE COATINGS INC.*
*8906 SPANISH RIDGE AVENUE STE 100*
*LAS VEGAS, NV 89148*

| Period Beginning: | 10/24/2020 |
|---|---|
| Period Ending: | 11/06/2020 |
| Pay Date: | 11/13/2020 |

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 3
NV: No State Income Tax

### JOSE ISMAEL ZUNIGA

██████████████████

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 9.5000 | 65.31 | 620.45 | 11,662.02 |
| Bonus | | | 670.00 | 12,393.00 |
| Ot Premium | 9.8756 | 4.18 | 41.28 | 1,624.80 |
| Ff-Psl-Ee | | | | 2,766.64 |
| **Gross Pay** | | | **$1,331.73** | 28,446.46 |

| Other Benefits and Information | this period | total to date |
|---|---|---|
| Med Er | | 868.35 |
| Pto Balance | | 24.58 |

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -37.79 | 924.43 |
| | Social Security Tax | -82.57 | 1,741.07 |
| | Medicare Tax | -19.31 | 407.19 |
| | **Other** | | |
| | Vision Insuranc | -3.07 | |
| | Dental Ins | | 64.70 |
| | Gnrl Deduction | | 145.00 |
| | Medical | | 300.00 |
| | **Net Pay** | **$1,188.99** | |
| | Checking 1 | -1,188.99 | |
| | **Net Check** | **$0.00** | |

Your federal taxable wages this period are
$1,331.73