1  JOSHUA A. SLIKER, ESQ.
   Nevada Bar No. 12493
2  SCOTT H. BARBAG, ESQ.
   Nevada Bar No. 14164
3  **JACKSON LEWIS P.C.**
   300 S. Fourth Street, Suite 900
4  Las Vegas, Nevada 89101
   Telephone: (702) 921-2460
5  Email: joshua.sliker@jacksonlewis.com
6  Email: scott.barbag@jacksonlewis.com

7  *Attorneys for Defendants*
   *Unforgettable Coatings, Inc.,*
8  *Unforgettable Coatings of Idaho LLC*

9  **UNITED STATES DISTRICT COURT**

10 **DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE ISMAEL ZUNIGA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNFORGETTABLE COATINGS INC,;<br>UNFORGETTABLE COATINGS OF IDAHO LLC; DOES 1 through 50; inclusive.<br><br>Defendants. | Case No.: 2:21-cv-01221-JCM-MDC<br><br>**DEFENDANTS' UNFORGETTABLE COATINGS, INC. AND UNFORGETTABLE COATINGS OF IDAHO LLC'S ANSWER TO PLAINTIFF JOSE ISMAEL ZUNIGA'S CLASS ACTION COMPLAINT** |

Defendants Unforgettable Coatings, Inc. ("UCI") and Unforgettable Coatings of Idaho, LLC ("Idaho") (collectively, "Defendants"), by and through their counsel of record, the law firm of Jackson Lewis P.C., hereby answers Plaintiff Jose Ismael Zuniga's Class Action Complaint (the "Complaint") as follows:

**PREAMBLE**

Responding to the introductory text on page 1, lines 23-27, and page 2, lines 1-2, of Plaintiff's Complaint, Defendants lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny them.

**JURISDICTION AND VENUE**

1.  Answering to Paragraph 1 of Plaintiff's Complaint, Defendants admit that the Eighth Judicial District Court has original jurisdiction over claims for unpaid wages which arise under the Nevada Constitution, Article 15, Section 16, and Nev. Rev. Stat. § 608.050 and 608.140. The

remaining allegations in Paragraph 1 of Plaintiff's Complaint set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

2. Answering to Paragraph 2 of Plaintiff's Complaint, Defendants admit the United States District Court, District of Nevada, has original jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) therein. The remaining allegations in Paragraph 2 of Plaintiff's Complaint set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

3. Answering to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Exhibit I appears to be a form entitled Consent to Joinder which purports to be signed by Plaintiff. As to the remaining allegations in Paragraph 3, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny them.

4. Answering to Paragraph 4 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

5. Answering to Paragraph 5 of Plaintiff's Complaint, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny them.

6. Answering to Paragraph 6 of Plaintiff's Complaint, Defendants admit that venue is proper in this Court. Answering to Paragraph 6 of Plaintiff's Complaint, Defendant UCI admits it is corporation incorporated under the laws of the State of Nevada. Defendant UCI further admits that it maintains a principal place of business in Clark County, Nevada. Answering to Paragraph 6 of Plaintiff's Complaint, Defendant Idaho admits that it is a limited liability company organized under the laws of the State of Nevada. As to any remaining allegations in Paragraph 6, Defendants deny the same.

7. Answering to Paragraph 7 of Plaintiff's Complaint, Defendants state that the allegations do not set forth a statement of fact capable of being admitted or denied. However, to the extent a response is required, Defendants admit that Plaintiff states he "demands a jury trial on all issues triable by jury herein."

# **PARTIES**

8. Answering to Paragraph 8 of Plaintiff's Complaint, Defendant UCI admits that Plaintiff was employed by Defendant UCI for a period of time and that a component of his compensation was hourly pay. Answering to Paragraph 8 of Plaintiff's Complaint, Defendant Idaho denies that it employed Plaintiff. As to the remaining allegations in Paragraph 8 of Plaintiff's Complaint, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny them.

9. Answering to Paragraph 9 of Plaintiff's Complaint, Defendant UCI admits the allegations.

10. Answering to Paragraph 10 of Plaintiff's Complaint, Defendants Defendant UCI admits that it does business in Clark County, Nevada. As to the remaining allegations in Paragraph 9 of Plaintiff's Complaint, Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, deny them.

11. Answering to Paragraph 11 of Plaintiff's Complaint, Defendant Idaho admits the allegations therein.

12. Answering to Paragraph 12 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

13. Answering to Paragraph 13 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants object and state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

14. Answering to Paragraph 14 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extend a response is required: Answering to Paragraph 14 of Plaintiff's Complaint, Defendant UCI admits that as of April 13, 2021, it had a gross revenue in excess of $500,000.00. Answering to Paragraph

1
2
14 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein. As to any remaining allegations in Paragraph 14 of Plaintiff's Complaint, Defendants deny the same.

3
4
5
15. Answering to Paragraph 15 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

6
7
8
16. Answering to Paragraph 16 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

9
10
11
12
13
14
17. Answering to Paragraph 17 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required: Answering to Paragraph 17 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

15
16
17
18
19
20
18. Answering to Paragraph 18 of Plaintiff's Complaint, Defendants object and contend that no response is required, in part, because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required: Answering to Paragraph 18 of Plaintiff's Complaint, Defendant UCI admits that Plaintiff was employed by Defendant UCI for a period of time. As to the remaining allegations in Paragraph 18 of Plaintiff's Complaint, Defendants deny the allegations.

21
22
23
24
25
26
19. Answering to Paragraph 19 of Plaintiff's Complaint, Defendants object and contend that no response is required, in part, because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required: Answering to Paragraph 18 of Plaintiff's Complaint, Defendant UCI admits that Plaintiff was employed by Defendant UCI for a period of time. As to the remaining allegations in Paragraph 19 of Plaintiff's Complaint, Defendants deny the allegations.

27
28

20. Answering to Paragraph 20 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

21. Answering to Paragraph 21 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

22. Answering to Paragraph 22 of Plaintiff's Complaint, Defendants state that such allegations set forth legal conclusions to which no response is required, however, to the extent a response is required, Defendants deny the allegations.

## FACTUAL ALLEGATIONS

23. Answering to Paragraph 23 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 23 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

24. Answering to Paragraph 24 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 24 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

25. Answering to Paragraph 25 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 25 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

26. Answering to Paragraph 26 of Plaintiff's Complaint, Defendants objects to the phrase "at all relevant times" as vague, ambiguous, and undefined, rendering it impossible to admit or deny this allegation. Answering to Paragraph 26 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 26 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

27. Answering to Paragraph 27 of Plaintiff's Complaint, Defendants object to the phrase "at all relevant times" as vague, ambiguous, and undefined, rendering it impossible to admit or deny this allegation. Answering to Paragraph 27 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 27 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

28. Answering to Paragraph 28 of Plaintiff's Complaint, Defendant UCI admits that some of its employees clocked in and out of their shifts on tablets. As to the remaining allegations in Paragraph 28, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 27 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

29. Answering to Paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations therein.

30. Answering to Paragraph 30 of Plaintiff's Complaint, Defendants deny the allegations therein.

31. Answering to Paragraph 31 of Plaintiff's Complaint, Defendant UCI admits that it paid Plaintiff typically on a bi-weekly basis. Answering Paragraph 31 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

32. Answering to Paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations therein.

33. Answering to Paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations therein.

34. Answering to Paragraph 34 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 34 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

35. Answering to Paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations therein.

36. Answering to Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations therein.

37. Answering to Paragraph 37 of Plaintiff's Complaint, Defendants deny the allegations therein.

38. Answering to Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations therein.

39. Answering to Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations therein.

40. Answering to Paragraph 40 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 40 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

41. Answering to Paragraph 41 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 41 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

42. Answering to Paragraph 42 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 42 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

43. Answering to Paragraph 43 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 43 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

44. Answering to Paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations therein.

45. Answering to Paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations therein.

46. Answering to Paragraph 46 of Plaintiff's Complaint, Defendant UCI lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth therein and, on that basis, denies them. Answering Paragraph 46 of Plaintiff's Complaint, Defendant Idaho denies the allegations therein.

47. Answering to Paragraph 47 of Plaintiff's Complaint, Defendants deny the allegations therein.

48. Answering to Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations therein.

49. Answering to Paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations therein.

50. Answering to Paragraph 50 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required: Answering to Paragraph 50 of Plaintiff's Complaint, Defendants object that the allegations therein set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

51. Answering to Paragraph 51 of Plaintiff's Complaint, Defendants deny the allegations therein.

52. Answering to Paragraph 52 of Plaintiff's Complaint, Defendants deny the allegations therein.

**CLASS/COLLECTICVE ACTION ALLEGATIONS**

53. Answering to Paragraph 53 of Plaintiff's Complaint, Defendants repeat and re-alleges each and every response made in the paragraphs above, as through set forth fully herein.

54. Answering to Paragraph 54 of Plaintiff's Complaint, Defendants deny the allegations therein.

55. Answering to Paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations therein.

56. Answering to Paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations therein.

57. Answering to Paragraph 57 and subparts a. through e. of Plaintiff's Complaint, Defendants deny the allegations therein.

**FIRST CAUSE OF ACTION**
**Violation of NRS 608 *et seq.***
**(On Behalf of Plaintiff and the Nevada Overtime Class)**

58. Answering to Paragraph 58 of Plaintiff's Complaint, Defendants repeat and re-alleges each and every response made in the paragraphs above, as through set forth fully herein.

59. Answering to Paragraph 59 of Plaintiff's Complaint, Defendants admit that NRS 608.140 states: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." As to any remaining allegations in Paragraph 59 of Plaintiff's Complaint, Defendants object that the allegations therein set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

60. Answering to Paragraph 60 of Plaintiff's Complaint, Defendants admit the allegations therein.

61. Answering to Paragraph 61 of Plaintiff's Complaint, Defendants admit the allegations therein.

62. Answering to Paragraph 62 of Plaintiff's Complaint, Defendants deny the allegations therein.

63. Answering to Paragraph 63 of Plaintiff's Complaint, Defendants deny the allegations therein.

64.     Answering to Paragraph 64 of Plaintiff's Complaint, Defendants deny the allegations therein.

## SECOND CAUSE OF ACTION
**Waiting Time Wages Pursuant to NRS 608.020-.050 and 608.140**
**(On Behalf of Plaintiff and the Waiting Time Wages Class)**

65.     Answering to Paragraph 65 of Plaintiff's Complaint, Defendants repeat and re-alleges each and every response made in the paragraphs above, as through set forth fully herein.

66.     Answering to Paragraph 66 of Plaintiff's Complaint, Defendants admit that NRS 608.140 states: "Whenever a mechanic, artisan, miner, laborer, servant or employee shall have cause to bring suit for wages earned and due according to the terms of his or her employment, and shall establish by decision of the court or verdict of the jury that the amount for which he or she has brought suit is justly due, and that a demand has been made, in writing, at least 5 days before suit was brought, for a sum not to exceed the amount so found due, the court before which the case shall be tried shall allow to the plaintiff a reasonable attorney fee, in addition to the amount found due for wages and penalties, to be taxed as costs of suit." As to any remaining allegations in Paragraph 66 of Plaintiff's Complaint, Defendants object that the allegations therein set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

67.     Answering to Paragraph 67 of Plaintiff's Complaint, Defendants admit the allegations therein.

68.     Answering to Paragraph 68 of Plaintiff's Complaint, Defendants admit the allegations therein.

69.     Answering to Paragraph 69 of Plaintiff's Complaint, Defendants admit that NRS 608.040(1) states: "If an employer fails to pay: (a) Within 3 days after the wages or compensation of a discharged employee becomes due; or (b) On the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit or was discharged until paid or for 30 days, whichever is less." As to any remaining allegations in Paragraph 69 of Plaintiff's Complaint, Defendants object

that the allegations therein set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

70. Answering to Paragraph 70 of Plaintiff's Complaint, Defendants admit that NRS 608.050(1) states: "Whenever an employer of labor shall discharge or lay off employees without first paying them the amount of any wages or salary then due them, in cash and lawful money of the United States, or its equivalent, or shall fail, or refuse on demand, to pay them in like money, or its equivalent, the amount of any wages or salary at the time the same becomes due and owing to them under their contract of employment, whether employed by the hour, day, week or month, each of the employees may charge and collect wages in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default." Defendant further admits that NRS 608.050(2) states: "Every employee shall have a lien as provided in NRS 108.221 to 108.246, inclusive, and all other rights and remedies for the protection and enforcement of such salary or wages as the employee would have been entitled to had the employee rendered services therefor in the manner as last employed." As to any remaining allegations in Paragraph 70 of Plaintiff's Complaint, Defendants object that the allegations therein set forth legal conclusions to which no response is required, but to the extent that one is required, Defendants deny the allegations.

71. Answering to Paragraph 71 of Plaintiff's Complaint, Defendants deny the allegations therein.

72. Answering to Paragraph 72 of Plaintiff's Complaint, Defendants deny the allegations therein.

73. Answering to Paragraph 73 of Plaintiff's Complaint, Defendants deny the allegations therein.

**THIRD CAUSE OF ACTION**
**Violation of FLSA-Wages / Unlawful Actions 29 U.S.C. § 201 *et seq.***
**(On Behalf of Plaintiff and the Nevada Overtime Class)**

74. Answering to Paragraph 74 of Plaintiff's Complaint, Defendants repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

75. Answering to Paragraph 75 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 75 of Plaintiff's Complaint.

76. Answering to Paragraph 76 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 76 of Plaintiff's Complaint.

77. Answering to Paragraph 77 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 77 of Plaintiff's Complaint.

78. Answering to Paragraph 78 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 78 of Plaintiff's Complaint.

79. Answering to Paragraph 79 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 79 of Plaintiff's Complaint.

80. Answering to Paragraph 80 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 80 of Plaintiff's Complaint.

81. Answering to Paragraph 81 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 81 of Plaintiff's Complaint.

82. Answering to Paragraph 82 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 82 of Plaintiff's Complaint.

83. Answering to Paragraph 83 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 83 of Plaintiff's Complaint.

84. Answering to Paragraph 84 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 85 of Plaintiff's Complaint.

85. Answering to Paragraph 85 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 85 of Plaintiff's Complaint.

86. Answering to Paragraph 86 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 86 of Plaintiff's Complaint.

87. Answering to Paragraph 87 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 87 of Plaintiff's Complaint.

88. Answering to Paragraph 88 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 88 of Plaintiff's Complaint.

89. Answering to Paragraph 89 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 89 of Plaintiff's Complaint.

90. Answering to Paragraph 90 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 90 of Plaintiff's Complaint..

## FOURTH CAUSE OF ACTION
### Injunctive/Declaratory Relief
### (On Behalf of Plaintiff and the Nevada Overtime Class)

91. Answering to Paragraph 91 of Plaintiff's Complaint, Defendants repeats and re-alleges each and every response made in paragraphs above, as through set forth fully herein.

92. Answering to Paragraph 92 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 92 of Plaintiff's Complaint.

93. Answering to Paragraph 93 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 93 of Plaintiff's Complaint.

94. Answering to Paragraph 94 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 94 of Plaintiff's Complaint.

95. Answering to Paragraph 95 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 95 of Plaintiff's Complaint.

96.     Answering to Paragraph 96 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 96 of Plaintiff's Complaint.

97.     Answering to Paragraph 97 of Plaintiff's Complaint, Defendants object and contend that no response is required because the allegations concern Plaintiff's claims under the Fair Labor Standards Act which were dismissed by the Court on July 10, 2023 (ECF No. 38). To the extent a response is required, Defendants deny the allegations of Paragraph 97 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendants deny the allegations contained in the Prayer for Relief in Plaintiff's Complaint to the extent they are asserted against Defendants, and further deny that Plaintiff, or any Class Member, is entitled to any damages, penalties, interest, punitive damages, injunctive relief, declaratory relief, attorney's fees and costs, liens, or any other relief.

**GENERAL DENIAL**

To the extent not specifically admitted herein, the allegations of Plaintiff's Complaint are hereby denied.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants asserts the following defenses:

1.      Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.      To the extent applicable, Plaintiff's claims and/or those of the putative class members are subject to mandatory binding arbitration on an individual basis, and cannot proceed in court as a class or collective action.

3.      To the extent applicable, each and every allegation made by Plaintiff, including those allegations of the putative class members on whose behalf Plaintiff seeks to assert claims, in her Complaint, are time barred, whole or in part, by the applicable statute(s) of limitations.

4.      To the extent applicable, Plaintiff's claims are barred because she and/or the putative class members on whose behalf Plaintiff seeks to assert claims lack standing.

5.     To the extent applicable, Plaintiff's claims are barred for failing to timely exhaust her administrative, statutory, or contractual remedies.

6.     To the extent applicable, Plaintiff's claims and those of the putative class members are barred by virtue of the doctrines of waiver, laches, estoppel, and unclean hands.

7.     To the extent applicable, Plaintiff's claims and those of the putative class members sought are duplicative of and/or barred by virtue of their recovery of certain payments, damages, penalties, and other amounts against Defendants in *Scalia v. Unforgettable Coatings, Inc., et al.*, Case No. 2-20-cv-00510-KJD-DJA, U.S. District Court, District of Nevada.

8.     To the extent applicable, the recovery sought by Plaintiff and the putative class members is duplicative of and/or barred by virtue of their recovery of certain payments, damages, penalties, and other amounts against Defendants in *Scalia v. Unforgettable Coatings, Inc., et al.*, Case No. 2-20-cv-00510-KJD-DJA, U.S. District Court, District of Nevada.

9.     To the extent applicable, the claims and/or recovery sought by Plaintiff and the putative class members are barred by the doctrines of res judicata (issue and/or claim preclusion) by virtue of the proceedings in *Scalia v. Unforgettable Coatings, Inc., et al.*, Case No. 2-20-cv-00510-KJD-DJA, U.S. District Court, District of Nevada.

10.    To the extent applicable, the claims and/or recovery sought by Plaintiff and the putative class members are barred by the stipulated judgment and dismissal entered in *Scalia v. Unforgettable Coatings, Inc., et al.*, Case No. 2-20-cv-00510-KJD-DJA, U.S. District Court, District of Nevada.

11.    To the extent applicable, if Plaintiff is adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation Plaintiff and/or the putative class members received, including without limitation to, unemployment compensation, wages, salaries, penalties, liquidated damages, interest, and/or social security payments.

12.    To the extent applicable, Plaintiffs' claims are barred to the extent Plaintiff or other putative class members are exempt from daily and/or weekly overtime under federal and/or state law.

13. To the extent applicable, Plaintiff's claims and those of the putative class members are barred to the extent they seek entitlement to compensation that falls within the *de minimis* exception or other non-compensable time.

14. To the extent applicable, Plaintiff's claims and those of the putative class members are barred because Defendants did not suffer or permit Plaintiff or the putative class members to perform the work alleged, or have actual or constructive knowledge of Plaintiff's or the putative class members alleged hours of allegedly compensable work.

15. To the extent applicable, Plaintiff and the putative class members have failed to mitigate any alleged damages, entitlement to which is expressly denied, and to the extent of such failure, any damages awarded to Plaintiff or the putative class members should be reduced accordingly.

16. To the extent applicable, Plaintiff's claims and those of the putative class members are barred in whole or in part because at all times relevant hereto, Defendants acted reasonably and in good faith and in reliance on or in accordance with applicable administrative regulations, orders, rulings, approval and/or interpretation by the applicable state agency, its designee or a court.

17. To the extent applicable, any alleged damage suffered by Plaintiff and the putative class members was in no way caused by, or the result of, any fault, act, or omission by Defendants, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendants is not and may not be held responsible, including Plaintiff and the putative class members, and for which Defendants cannot be held liable.

18. To the extent applicable, the damages sustained by Plaintiff, if any, was caused by his own acts and/or omissions and not those of Defendants.

19. To the extent applicable, upon information and believe, after-acquired evidence bars and/or limits the amount of damages Plaintiff and the putative class members can recover on the Complaint against Defendants, if any.

20. To the extent applicable, Plaintiff's Complaint, and each and every claim alleged therein, is barred in that Defendants' actions were a just and proper exercise of management

discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

21. Plaintiff's claims cannot be certified as a class action to the extent Plaintiff is not similarly situated to other current or former employees. The claims alleged by Plaintiff are neither common of nor typical of those, if any, of the members of the putative class members whom Plaintiff purport to represent, and thus such claims cannot be maintained on a class basis. Further, the types of claims alleged, and relief sought by Plaintiff, on her own behalf and for putative class members, are matters in which individual questions predominate and, accordingly, are not appropriate for class treatment.

22. Plaintiff's claims cannot be certified as a class action as the determination of liability for each individual would be highly individualized and would predominate over a trial, and trial of the case as a class action would not be superior to trials of individual claims because Plaintiff cannot establish a common, unlawful practice applicable to the putative class.

23. Plaintiff's claims cannot be certified as a class action because Plaintiff's allegations do not otherwise satisfy the requirements to proceed as a class action under FRCP 23 or NRCP 23.

24. If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendants under theories of respondeat superior or vicarious liability.

25. Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

26. To the extent Plaintiff seeks exemplary or punitive damages, such damages are unconstitutional under the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and constitute an excessive penalty or fine in violation of the Eighth Amendment.

27. Punitive damages against Defendants are not permissible because Plaintiff cannot establish that Defendants is guilty of oppression, fraud, or malice, express or implied.

28. Punitive damages against Defendants are not permissible because Plaintiff cannot establish any negligence on the part of Defendants that qualifies as intentional conduct

29. Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendants reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

WHEREFORE, Defendants prays that the following judgment be entered in their favor and against Plaintiff:

1. That Plaintiff take nothing by way of his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice in its entirety and judgment entered in favor of Defendants

4. That Defendants be awarded their attorneys' fees and costs; and,

5. That Defendants be awarded any further relief that this Court deems just.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial on all claims and issues so triable.

Dated this 30th day of August, 2024.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Unforgettable Coatings, Inc.,*
*Unforgettable Coatings of Idaho LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 30th day of August, 2024, I caused to be served via the Court's electronic filing and service system, a true and correct copy of the above foregoing **DEFENDANTS' UNFORGETTABLE COATINGS, INC. AND UNFORGETTABLE COATINGS OF IDAHO LLC'S ANSWER TO PLAINTIFF JOSE ISMAEL ZUNIGA'S CLASS ACTION COMPLAINT** properly addressed to the following:

GABROY MESSER
Christian Gabroy, Esq.
Kaine Messer, Esq.
170 South Green Valley Parkway, Suite 280
Henderson, NV 89012

*Attorneys for Plaintiff*

*/s/ Joshua A. Sliker*
Employee of Jackson Lewis P.C.

JACKSON LEWIS P.C.
LAS VEGAS

20